## JOE BEAR v. STATE.

No. A-7346. Opinion Filed Oct. 11, 1930.
(292 Pac. 373.)

J. Hugh Nolen and S. A. Horton, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the state.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of assault with intent to kill, and sentenced to serve a term of one year and one day in the state penitentiary, from which judgment and sentence the defendant has appealed.

An abstract of the testimony, in substance, is that Thomas Cain, Martha Cain, Toots Douglass, Billy Hill, and Henehah Chupco went to the home of Mrs. Wesley, near the town of Castle, to a dance on the night of the alleged shooting; the Wesley children threw something at Mrs. Cain; Mrs. Cain and Mrs. Wesley got into a fight; Tom Cain and Billy Hill took up the cause of Mrs. Cain, Hallie Cheek coming to the rescue of Mrs. Wesley; when the fight was over, the Cains started to leave in their car, and the defendant, Joe Bear, appeared on the scene with a pistol and shot three times into the car where they were seated.

The testimony tends to show the parties were drinking.   The testimony of the defendant is that he did not desire to injure the Cains, but shot his pistol into the ground to scare them and make them leave the place. The testimony of the state further tends to show that the bullets went through the windshield and hit the car; one of the bullets passing near the body of Tom Cain.   The testimony shows conclusively that the defendant fired his pistol after the prosecuting witness and her husband had gotten into their car preparatory to leaving the home of

Mrs. Wesley. Whether the defendant fired the pistol at the prosecuting witness and her husband, or whether he fired the shots into the ground to scare them away from the place, was a controverted question for the jury to determine.

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. The first assignment of error argued by the defendant is "that the evidence in this case clearly fails to show that there has been a crime committed as alleged in the information."

In his argument the defendant insists that the testimony of Martha and Tom Cain is insufficient to show any offense has been committed. A careful reading of the testimony shows that the defendant in this case had taken no part in the fight that Mrs. Wesley and Mrs. Cain had indulged in, and that about the time the fight was over he went into the house and got his pistol and came out where the prosecuting witness and her husband were in their car preparatory to leaving, and fired three shots into the car, breaking the glass in the car. There is no conflict in the evidence as to what occurred at the Wesley home prior to the time the defendant appeared with his pistol and began shooting.

The testimony in this case is conflicting on the point of what the defendant intended to do when he fired the shots. The court properly instructed the jury as to the law applicable to the facts in this case. The jury heard the testimony, and found from the testimony and the instructions of the court that the defendant was guilty as charged in the information.

The other errors assigned are without merit. The defendant was accorded a fair and impartial trial. The

court properly instructed the jury as to the law, and there are no errors appearing in the record of sufficient merit to warrant a reversal.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.